IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **DAVID C. PERRY**, a participant in the, KENNEDY FUEL CO. 401(K) PROFIT SHARING PLAN,<br><br>Plaintiff,<br><br>v.<br><br>**BARRY BLOOMBERG**, as Trustee of the Kennedy Fuel Co. 401(K) Profit Sharing Plan; **GLORIA L. BLOOMBERG**, as Trustee of the Kennedy Fuel Co. 401(K) Profit Sharing Plan; **KENNEDY FUEL CO.**, an Oregon domestic business corporation, as Plan Administrator of the Kennedy Fuel Co. 401(K) Profit Sharing Plan; and **KENNEDY FUEL CO. 401(K) PROFIT SHARING PLAN**,<br><br>Defendants. | Case No. 1:15-cv-00408-CL<br><br><br><br>**ORDER** |

CLARKE, Magistrate Judge

Plaintiff David Perry brings claims against the defendants Gloria Bloomberg, David Bloomberg, Kennedy Fuel Co., and Kennedy Fuel Co. 401(k) Profit Sharing Plan alleging they violated the Employee Retirement and Security Act of 1974 ("ERISA"), as amended, 29 USC §§ 1001-1191c. Plaintiff has filed a claim for distribution of benefits under ERISA §502(a)(1)(B)

Page 1 – ORDER

and (a)(2), 29 USC § 1132(a)(1)(B) and (a)(2), and a claim for relief under ERISA § 409, 29 U.S.C. § 1109. This case comes before the court on an ongoing discovery dispute between the parties. Defendants have filed a motion to quash (#16) and a motion to stay (#21). For the reasons below, Defendants' motions are denied. Defendants and subpoenaed nonparties are ordered to immediately produce all documents requested by Plaintiff in his May 1, 2015, subpoenas. (#16-1 to #16-5).

## BACKGROUND

Plaintiff was an employee for Kennedy Fuel Co. for 32 years. Between 1985, when the Kennedy Fuel Co. 401(k) Plan ("the Plan") was established, and August 1, 2014, when the Plaintiff retired, Plaintiff participated in the Plan by contributing bi-weekly deductions from his salary. On December 9, 2014, Plaintiff requested that his account balance of $766,240.49 be distributed into his IRA. (#23). Plaintiff alleges that Defendants improperly invested Plan contributions such that they were unable to comply with their fiduciary duties under ERISA and fulfill Plaintiff's distribution requests in compliance with the terms of the Plan. On March 12, 2015, Plaintiff filed a complaint against the Defendants under ERISA §409 and §502. Plaintiff requests damages as well as equitable relief.

On May 1, 2015, Plaintiff issued subpoenas requesting documents related to the investment of Plan funds and the management of the Plan to Crater Lake Developments, Northwest Retirement Plans, Inc., Crown West Developments, James K. Johnson DMD Pension Plan, and Gary Whittle. (#16-1 to #16-5). Defendants moved to quash the subpoenas under Federal Rule of Civil Procedure 45(d)(3). They allege that the subpoenas subject both Defendants and nonparties to undue burden.

Defendants have also moved to stay proceedings pending action by the Department of Labor. Defendants provided a copy of a May 5, 2015, Department of Labor report on the results of a two year investigation into the Plan, which found Defendants committed multiple ERISA violations. In support of their motion to stay, Defendants provided a declaration from Joelle Tavan, an attorney with defense counsel's firm who has experience with Department proceedings. She believes that the May 5th letter is indicative of the beginning of formal agency proceedings. (#33). At oral argument on May 28, 2015, Defendants stated that such proceedings would likely commence a year from the letter, during which time the Department of Labor will await voluntary compliance by Defendants. Defendants allege that a stay would prevent inconsistent adjudication and factual findings as well as prevent the depletion of Plan resources for other beneficiaries. In his response, Plaintiff points out that the May 5th letter states that no proceedings have begun. (#30).

## DISCUSSION

### I.   Defendants' motion to stay (#21) is denied.

The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In *Lockyer*, the Ninth Circuit reiterated it would weigh:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d. 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d. 265, 268 (9th Cir. 1962)). Factors the court considers include whether "the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims,"

*Levya v. Certified Grocers of California, Ltd.* 593 F.2d. 857, 864 (9th Cir. 1979), and the nature of the relief sought, *see Lockyer*, 398 F. 3d at 1112 (denying stay in part because the Attorney General is seeking injunctive relief on behalf of the people of California); *CMAX*, 300 F.2d at 268-69 (granting the stay and noting that the plaintiff is only seeking damages).

The doctrine of primary jurisdiction also allows courts to grant a stay pending agency proceedings. Under this doctrine, courts have the discretion to defer to the decision making power of an agency even when there are common-law remedies available to the plaintiff. *Nader v. Allegheny Airlines, Inc.* 426 U.S. 290, 303-04 (1976). Such deference is often appropriate when the action addresses a highly technical finding of fact better suited for the expertise of the agency, *id.* at 304, or involves an issue of first impression, *Syntek Semiconductor Co., Ltd. V. Microchip Tech. Inc.* 307 F.3d 775, 780 (9th Cir. 2002). In deciding whether to defer to an agency, courts evaluate whether there is a "(1) need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id.* at 781

At this time, a *Landis* stay is not appropriate in this case. Unlike many cases where a motion to stay is granted, no other formal proceedings have commenced against Defendants. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (affirming stay because of pending arbitration of related claims); *CMAX*, 300 F.2d at 269-270 (granting stay because of enforcement proceedings in front of the Civil Aeronautics Board); *Dixon v. Falcon Heights Condo. Ass'n*, 1:12-cv-00439-CL, 2012 WL 3597555, at *4 (granting stay pending concurrent proceedings in the Circuit Court of Oregon); *Alvarez v. T-Mobile USA, Inc.* CIV. 210-2372 WBS GGH, 2010 WL 5092971, at *3 (E.D. Cal. Dec. 10, 2010) (granting stay pending a

Supreme Court case regarding an arbitration). While defense counsel believes the May 5th letter is indicative of future formal action by the Department of Labor, counsel also stated at oral argument on May 28, 2015, that such proceedings would not start for at least a year while the Department awaits voluntary compliance by Defendants. Defendants argue that there *may* be criminal or other agency proceedings, but until such action has commenced a stay is inappropriate.

Had formal proceedings already begun, Defendants' motion probably still fails to meet the criteria for a *Landis* stay.[1] Plaintiff here has a right to take civil action against the Defendants both under the terms of the Plan, (#19-1), and under ERISA, 29 U.S.C. § 1132(a)(1)(b). In addition, the Department of Labor's letter makes clear that even a Department decision to move forward does not prevent other parties from pursuing legal action. (#22-1). Unlike in *CMAX,* where the plaintiff was only pursuing damages, 300 F.2d at 268-69, here, the Plaintiff is requesting that the court make decisions regarding the distribution of the Plan and take specific action with regard to the Defendants in their role as fiduciaries, which would likely impact all Plan beneficiaries. (#1). Requiring Plaintiff to wait for relief under these circumstances may cause damage to the Plaintiff and other Plan members.

Defendants have also failed to show that said damage is justified by the hardship or inequity they would suffer going forward. In *Lockyer*, the court held, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." 398 F.3d at 1112 (internal quotations omitted). Similarly, Defendants here do not show any hardship other than moving forward with litigation. Though litigation can be costly, this is not akin to *Alvarez*, where a stay was granted as arbitration would significantly reduce costs.

---

[1] The Court is willing to reconsider this issue, however, should formal proceedings take place at a later date, while this litigation is still ongoing.

2010 WL 5092971, at *2. There is no indication that staying this litigation to await an agency proceeding will defray costs enough to justify delaying relief for Plaintiff.

Defendants also state that pursuing this action would result in an inefficient use of resources. While there may be some concern for inconsistencies between the Department's findings and those of this court, the fact that no formal proceedings have begun casts doubt on such concerns. Though the findings of the Department of Labor could simplify some of the issues presented, such a benefit is not great enough in this case to outweigh the cost of delaying Plaintiff's claim. Defendants believe Plaintiff may receive relief from the Department of Labor prior to the conclusion of this proceeding; however, the court has other tools at its disposal to ensure a speedy and just remedy for the Plaintiff. The Court will assist the parties to manage the case to achieve a cost effective and timely resolution to this case.

Invoking the doctrine of primary jurisdiction is also not appropriate under these facts. This is not a case where agency expertise is warranted as there is neither an issue of first impression nor is this a case where the uniformity of federal regulation is at risk. As Plaintiff points out in their response, ERISA claims are frequently heard by this court and are well within its expertise. (#30). ERISA expressly gives jurisdiction to the Federal District Court on these matters. 29 U.S.C. § 1132(e)(1). For these reasons, the Defendants' motion to stay is denied at this time.

## II. Defendants' motion to quash (#16) is denied.

Rule 45 governs the issuance of subpoenas to nonparties in order to obtain documents. Fed R. Civ. P. 45(a)(1)(A)(iii). A court must quash a subpoena when it "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Parties do not have standing to quash a subpoena issued to a nonparty unless they are able to claim "some personal right or privilege with regard to

the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp 2d 965, 973-74 (C.D. Cal 2010) (quoting 9A Charles Wright & Arthur Miller, Federal Practice and Procedure, §2459 (3d. Ed. 2008)).

If a party has standing to object, the moving party has the "burden of persuasion." *Moon v. SCP Pool Corp.* 232 F.R.D. 633, 637 (C.D. Cal. 2005). In evaluating whether or not a subpoena is unduly burdensome, courts look to "relevance, the need of the party for the documents, the breadth of the document requested, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Id.* (internal quotations omitted).

It does not appear that the Defendants have standing to move to quash these subpoenas. However, even if they do, their motion also fails to show any undue burden to the subpoenaed parties under Rule 45. While producing documents for both Plaintiff and the Department of Labor is likely burdensome, it is not so unduly burdensome as to justify quashing Plaintiff's requests for information that are highly relevant, not overly broad, and necessary for his suit per the factors cited in *Moon.* 232 F.R.D. at 637. Further, one of the subpoenaed parties has already responded to the Plaintiff by acknowledging receipt of the motion to quash and informing Plaintiff of their decision to delay responding until further instructions are provided. (#25-3). This suggests that the nonparty has the capacity to fulfill the requests of the subpoena. For these reasons, Defendants' motion to quash is denied.

////

////

////

////

## ORDER

For the forgoing reasons, Defendants' motion to quash (#16) and motion to stay (#21) are denied.

ORDERED and DATED this ___4___ day of June, 2015.

MARK D. CLARKE
United States Magistrate Judge